IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | ) MDL DOCKET No. 875 <br> ) (MARDOC) |
| MARDOC GROUP 1 | ) CIVIL ACTION NO. <br> ) 2:02-MD-875 <br> ) <br> ) **GENERAL ANSWER** <br> ) **OF DEFENDANT** <br> ) **JOHN CRANE INC.** |

Now comes defendant John Crane Inc., by and through its undersigned counsel, and for its answer to each of the plaintiffs' complaints filed in the attached list of cases as Exhibit A, states as follows:

**FIRST DEFENSE**

1. John Crane Inc. denies each and every substantive allegation directed against it in plaintiff's complaint.

**SECOND DEFENSE**

2. The plaintiff's complaint fails to state a claim against this defendant upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12 (b) (6).

**THIRD DEFENSE**

3. The plaintiff's complaint fails to state a claim against this defendant upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12 (b) (6) in that no fact or facts are alleged which demonstrate a causal connection between any act or product of this defendant and the damages or injuries complained of herein.

**FOURTH DEFENSE**

4. The plaintiff's complaint fails to state a claim against this defendant upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12 (b) (6) in that

no fact or facts are alleged which demonstrate that this defendant owed any duty to the plaintiff named herein.

### FIFTH DEFENSE

5. The plaintiff's claims are barred by the applicable statute of limitations.

### SIXTH DEFENSE

6. The plaintiff's claims are barred by the doctrine of laches.

### SEVENTH DEFENSE

7. The plaintiff's claims are barred by the doctrine of estoppel.

### EIGHTH DEFENSE

8. The plaintiff's claims are barred by the doctrine of waiver.

### NINTH DEFENSE

9. All or part of the relief sought by the plaintiff is barred by the doctrine of comparative negligence and/or doctrine of contributory fault.

### TENTH DEFENSE

10. All or part of the relief sought by the plaintiff is barred by the doctrine of assumption of risk.

### ELEVENTH DEFENSE

11. The alleged injuries and illnesses of which the plaintiff complains were proximately caused and/or proximately contributed to by the plaintiff, by his respective employers, and/or by parties other than this defendant.

### TWELFTH DEFENSE

12. This defendant states that this Court lacks personal and/or subject matter jurisdiction.

## THIRTEENTH DEFENSE

13. All or part of the relief sought by the plaintiff is barred due to the intervening and/or superseding acts of parties, persons or entities other than this defendant.

## FOURTEENTH DEFENSE

14. All or part of the relief sought by the plaintiff is barred by operation of law.

## FIFTEENTH DEFENSE

15. All or part of the relief sought by the plaintiff is barred because of product misuse or product modification.

## SIXTEENTH DEFENSE

16. All or part of the claims for which the plaintiff seeks relief here have been released, settled, or otherwise fully discharged or satisfied, and are therefore barred.

## EIGHTEENTH DEFENSE

18. This defendant alleges a misjoinder of party defendants and further alleges that the plaintiff's complaint fails to join all indispensable and/or necessary party defendants.

## NINETEENTH DEFENSE

19. This defendant states that venue of this action is improper.

## TWENTIETH DEFENSE

20. Plaintiff's claims are barred by operation of the doctrine of *forum non conveniens*.

## TWENTY-FIRST DEFENSE

21. This defendant states that if the plaintiff was damaged by this defendant's product, which is specifically denied, the plaintiff and/or his employer was a sophisticated user of the product and had discovered any defect therein and was aware of the defect, but nevertheless proceeded unreasonably to use the product, thereby barring plaintiff from recovery.

## TWENTY-SECOND DEFENSE

22. This defendant states that its product or products alleged to have caused the plaintiff damages conformed to the state of the art in existence at the time the defendant's product or products were designed, tested, manufactured, packaged, distributed and sold, thereby barring plaintiff from recovery against this defendant.

## TWENTY-THIRD DEFENSE

23. This defendant states that any contact the plaintiff may have had with this defendant's product or products was so minimal as to be legally insufficient to establish any probability that said contact caused the injuries and damages alleged in plaintiff complaint.

## TWENTY-FOURTH DEFENSE

24. The defendant states that plaintiff's claim for punitive damages violates this defendant's rights to due process and to be protected against excessive fines under the applicable provisions of the Constitution of the United States and are therefore barred.

## TWENTY-FIFTH DEFENSE

25. This defendant denies the existence of any warranties, either express or implied, between it and the plaintiff.

## TWENTY-SIXTH DEFENSE

26. This defendant states that it has not breached any warranty, either express or implied, that may have existed between it and the plaintiff.

## TWENTY-SEVENTH DEFENSE

27. This defendant states that there is no privity between it and the plaintiff.

## TWENTY–EIGHTH DEFENSE

28. This defendant adopts by reference all other affirmative defenses raised by any other defendants in this matter and further reserves its right to add additional affirmative defenses if warranted through discovery.

## ANSWER TO CROSS-CLAIMS

29. This defendant specifically denies any and all allegations set forth in any cross-claim which have been or may be asserted.

WHEREFORE, having fully answered, defendant John Crane Inc. prays that plaintiff's complaint be dismissed, that all costs of this action, including attorney's fees, be assessed to the plaintiff and for such other legal and equitable relief as this Court shall deem necessary and just.

Respectfully submitted,

/s/ *[signature]*
McMahon DeGulis LLP
Stephen H. Daniels (0019198)
Evan J. Palik (0029734)
812 Huron Road, E. Suite 650
Cleveland, Ohio 44114
(216) 621-1312 ext. 1405 & 1414
(216) 621-0577 fax
epalik@mdllp.net
sdaniels@mdllp.net
Attorneys for Defendant
John Crane Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer by John Crane Inc. was filed electronically on January 24, 2012 and served on all parties of record by operation of the Court's electronic filing system.

/s/ *[signature]*
Stephen H. Daniels
Evan J. Palik