IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | MDL DOCKET No. 875 |
| LIABILITY LITIGATION (No.VI) | : | (MARDOC) |
| | : | |
| CERTAIN PLAINTIFFS | : | |
| | : | CIVIL ACTION NO. |
| VS. | : | 2:02-md-875 |
| | : | |
| CERTAIN DEFENDANTS | : | |

## ORDER

And now, this 18th day of April, 2012, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED as follows:

1. The motions for leave to file reply briefs (Docs. 1039, 1089, 1099 and 1101) are GRANTED and the reply briefs have been considered in ruling on the motions.

2. The joint motion on behalf of various shipowner defendants to compel the production of materials submitted to bankruptcy trusts (Doc. 866) is GRANTED IN PART. Plaintiffs shall provide all materials in their possession, whether in hard copy or electronic form, submitted to bankruptcy trusts. Any reference to settlement or payments amounts should be redacted. In Groups 1 and 2, the deadline for this production is May 15, 2012, and in the remaining groups the deadline shall be the same as the medical records due date set forth in paragraph 7 of the Case Management and Scheduling Orders.

3. The joint motion of various shipowner defendants to compel the production of Coast Guard discharge certificates (Doc. 948) is GRANTED IN PART. Plaintiffs shall produce all Coast Guard discharge certificates in their possession no later than May 15,

2012, for groups 1 and 2, and in the remaining groups the deadline shall be the same as the medical records due date set forth in paragraph 7 of the Case Management and Scheduling Orders.

    4. Plaintiffs shall supply authorization forms as follows:

        a. Plaintiffs shall execute authorizations for the release of bankruptcy trust information in the form attached to defendants' motion, Doc. 866-10, with the exception that the form shall be amended (1) to omit the reference to release of "proofs of payment(s) issued to me" and (2) to direct the recipient to redact settlement or payment amounts. These authorization forms shall be due May 31, 2012, for Groups 1 and 2, and July 31, 2012, for the remaining groups.

        b. All Coast Guard release authorizations that have not already been provided shall be provided no later than May 31, 2012, for Groups 1 and 2, and July 31, 2012, for the remaining groups.

        c. Plaintiffs shall execute and provide IRS and Social Security release authorizations on current forms no later than May 31, 2012, for Groups 1 and 2, and July 31, 2012, for the remaining groups.

    5. The joint motion of various shipowner defendants to compel plaintiffs to verify their interrogatory responses and further respond to discovery (Doc. 852) and defendant IMO Industries Inc.'s motion to compel (Doc. 800) are GRANTED IN PART.

a. In Groups 1 and 2, Plaintiffs shall provide verifications to discovery no later than May 15 and May 31, 2012, respectively. For all other Groups plaintiffs shall provide verifications at the same time as their discovery responses.

b. Plaintiffs shall comply with paragraph 10 of the Case Management and Scheduling Orders by providing to defendants the names of the cases, vessels and products about which a co-worker will testify. Specifically, plaintiffs shall identify for each defendant in each plaintiff's case a list of co-worker witnesses, and the list shall include an averment that the witness is alive and available to provide testimony, the names of any products the co-worker has knowledge of that were on the ships on which he sailed, and a basic description of what the co-worker observed or what testimony he could provide. This information shall be provided no later than June 12, 2012, for Groups 1 and 2, and consistent with the amended scheduling orders for the other Groups.

c. With respect to future fact depositions, any defendant seeking to notice the deposition of a co-worker must provide at least 21 days notice, and plaintiffs must then provide at least 14 days cross-notice.

6. The joint motion of various shipowner defendants to preclude the use by plaintiffs of certain medical records (Doc. 867) is DENIED.

7. Defendant IMO Industries Inc.'s motion for protective order (Doc. 801) is DENIED.

BY THE COURT:

*signature*

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE