IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) : | Consolidated Under MDL DOCKET NO. 02-md-875 |
| VARIOUS PLAINTIFFS : : v. : : VARIOUS DEFENDANTS : | Certain MARDOC cases listed in Exhibit "A," attached |

FILED
JAN - 8 2013
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

### ORDER

**AND NOW**, this **7th** day of **January, 2013,** it is hereby **ORDERED** that, pursuant to the Court's Order of September 14, 2012, see No. 02-875 (E.D. Pa. Sept. 14, 2012), ECF No. 1826, and upon review of Defendants' revised Group 3 dismissal lists and Plaintiffs' objections thereto (ECF Nos. 2047 & 2054), it is **ORDERED** that, with respect to the cases listed in Exhibit "A," attached, the evidence presented supports a finding of physical impairment sufficient to overcome a motion to dismiss at this time.[1]

---

[1] The recent history of the maritime ("MARDOC") cases in MDL 875 was set forth in the Court's Corrected Memorandum of August 13, 2012:

> On June 27, 2011, the MARDOC cases were referred to the Honorable Elizabeth T. Hey, U.S. Magistrate Judge, for oversight and supervision. On October 4, 2011, both Judge Eduardo C. Robreno and Magistrate Judge Hey signed Administrative Order No. 25 ("AO 25"), with the goal of "facilitat[ing] the expeditious movement of pending cases on the MDL 875 (MARDOC) docket[,]" some of which had been pending for more than twenty years.
>
> AO 25 was created with the goal of streamlining the MARDOC litigation in light of the vast number of cases on the MARDOC docket, and in designing AO 25, the Court used as a model the relevant parts of Amended Administrative Order No. 12 ("AO 12"). AO 25 sets forth not only procedural and filing

> requirements, but also ordered that by October 17, 2011, Plaintiffs' counsel were to file a "certification in each plaintiff's case that they have provided all defense counsel in that case (1) a copy of the medical report or opinion containing a physician's diagnosis of the plaintiff with the asbestos-related disease or injury alleged in the complaint." Admin. Order No. 25 at § B(2), No. 02-875 (E.D. Pa. Oct. 5, 2011), ECF No. 552 [hereinafter "AO 25"]. Therefore, Defendants in the present cases have been in possession of Plaintiffs' medical reports or opinions since October 17, 2011, or earlier.

ECF No. 1764 at 3-4 (footnotes omitted).

The Corrected Memorandum was issued to address the motions of several defendants to dismiss thousands of cases on the ground that plaintiffs had not submitted any evidence of injury. As part of the motions certain defendants submitted lists of plaintiffs to whom they asserted the motions applied. Following extensive briefing and argument on the motions, the motions were granted in part and approximately 1,600 cases were dismissed. See ECF No. 1754. The Court ruled as follows with respect to a plaintiffs' burden to show an injury in these maritime asbestos cases:

> The Court today decides that a seaman without physical impairments resulting from asbestos exposure, including one who manifests only pleural changes, has not suffered an "injury" under maritime law, and therefore has no cognizable claim.
> 
> . . . .
> The Court finds that under maritime law, including the Jones Act, a seaman is not "injured" if he does not suffer physical impairment resulting from asbestos exposure. Plaintiffs who have only pleural changes are not "injured." The Court excludes from the "non-injured" category cancer claims, including claims related to "smoking lung cancers," and claims of Plaintiffs who manifest physical injury related to their alleged asbestos exposure.

ECF No. 1764 at 6-7, 30-31.

Plaintiffs sought reconsideration, in part claiming that the lists of cases to be dismissed submitted by certain defendants included many plaintiffs who did provide evidence of impairment. On September 14, 2012, following further briefing and argument, the Court denied the motion to the extent it sought reconsideration of the legal rulings set forth in the Corrected Memorandum, and vacated the dismissal orders, returning all the dismissed cases to the active docket and allowing the parties to submit new proposed dismissal lists after reviewing the

evidence in each plaintiff's case in view of the Corrected Memorandum. See ECF No. 1826. Certain defendants have jointly submitted an amended dismissal list for Group 2, and plaintiffs have submitted their objections. See ECF Nos. 1890, 1891 & 2044.

Defendants submitted 246 names in Group 3 in their amended dismissal list. See ECF No. 2047. Of those, plaintiffs had voluntarily removed 122 from the docket by filing a motion to transfer them to the bankruptcy only docket, which motion was granted in the individual cases on December 3, 2012. See ECF No. 2032. Plaintiffs have objected to dismissal of the remaining 124 cases, and have supplied relevant pages of medical records for each. See ECF No. 2054.

Defendants argue that there is no evidence of impairment within the meaning of the Corrected Memorandum. In the cover letter to their amended dismissal list as to Group 1, they stated that the plaintiffs/decedents at issue have been diagnosed with only pleural disease or interstitial changes, and that the records do not meet the requirements of AO25 "as they do not constitute an appropriate medical diagnosis to satisfy the Court's threshold." Plaintiffs respond in their cover letter by stating that they have submitted evidence of impairment within the meaning of the Corrected Memorandum as to each and every plaintiff/decedent. Specifically, plaintiffs state that they have submitted pulmonary function test (PFT) results that show either (1) a Total Lung Capacity (TLC) less than 80% of predicted value (or below the lower limits of normal), or (2) a Forced Vital Capacity (FVC) less than 80% of predicted value (or below the lower limits of normal) and a ratio of Forced Expiratory Volume in One Second (FEV1) to FVC of greater than or equal to 65%. Plaintiffs maintain that this measure is consistent with the American Medical Association's standards for determining permanent impairment and with court-approved standards applied to asbestos personal injury trusts. Anticipating plaintiffs' reference to these standards, defendants argued in their letter that plaintiffs have failed to show (1) that the PFT's were performed on appropriately calibrated equipment, (2) that the test results meet applicable standards of the American Thoracic Society, (3) that the submitted chest x-rays were pursuant to a physician's order, or (4) that other confounding causes for the test results were considered and eliminated.

The Corrected Memorandum did not hold that all cases carrying a diagnosis of pleural or non-malignant disease should be dismissed. Rather, it held that dismissal is appropriate for a plaintiff who is "without physical impairments resulting from asbestos exposure, including one who manifests only pleural changes." Thus, at this stage of the litigation, it is not for the court to weigh the evidence, but rather to determine if plaintiffs have submitted prima facie evidence of asbestos-related injury or impairment. See In re Asbestos Prods. Liab. Litig., 278 F.R.D. 126, 133 (E.D. Pa. 2011) (denying motion to dismiss brought under Administrative Order 12 in land-based cases where each plaintiff's submission "contain[ed] a diagnosis of a symptomatic asbestos-related disease"). Cf. Glaab v. Honeywell Int'l, Inc., _ A.3d _, No. 2507 EDA 2011, 2012 WL 5194061, at *8 (Pa. Super. Oct. 22, 2012) (plaintiff must present prima facie evidence of discernible asbestos exposure related to a symptomatic asbestos-related condition and that he suffers some functional impairment or disability as a result; reversing grant of summary

3

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

judgment for defendant where plaintiff developed pleural plaques and thickening and shortness of breath requiring him to rest after brief exertions, which experts related to years of asbestos exposure).

In these cases, examination of documents submitted by the parties show medical evidence of (1) an asbestos-related condition contributing to the cause of death ("D"), (2) lung cancer ("LC") or esophageal cancer ("EC") caused by exposure to asbestos, and/or (3) a non-malignant asbestos-related diagnosis together with results of a pulmonary function test consistent with the guidelines set forth above (either TLC<80% predicted value, or FVC<80% predicted value and FEV1/FVC$\geq$65%) ("PFT"). The Court accepts this evidence as prima facie evidence of impairment. It will be for a later day to determine whether plaintiffs' evidence is sufficient to present to a jury. The attached case list identifies which of these categories (D, LC, EC or PFT) each case falls into.

# EXHIBIT A

| Name | Civil Action No. | Category |
|---|---|---|
| Holtzer, Harold E | 09-30474 | PFT |
| Esquilin, Braulio | 10-30056 | PFT |
| Fager, Terry W | 10-37613 | PFT |
| Abella, Bert L | 11-30071 | PFT |
| Alfaro, Abraham | 11-30084 | PFT |
| Ali, Rashid | 11-30085 | PFT |
| Allen, Willie J | 11-30088 | PFT |
| Alnaham, Ali A | 11-30090 | PFT |
| Amat, Kadir P | 11-30095 | PFT |
| Ancheta, Francisco Q | 11-30097 | PFT |
| Arthurs, Peter J | 11-30106 | PFT |
| Askew, Allen F | 11-30109 | PFT |
| Baker, Kenneth | 11-30116 | PFT |
| Bacon, William C | 11-30117 | PFT |
| Barnett, Jay W | 11-30125 | PFT |
| Basir, Zaine | 11-30127 | PFT |
| Benjamin, Cecil H | 11-30142 | PFT |
| Bonafont, Ramon | 11-30162 | PFT |
| Borders, Michael | 11-30167 | PFT |
| Brown, Joe N | 11-30187 | PFT |
| Calderon, Fe Domingo R | 11-30203 | PFT |
| Calero, Abad B | 11-30204 | PFT |
| Camacho, Jesus | 11-30208 | PFT |
| Campbell, David C | 11-30212 | PFT |
| Capito, Patricio C | 11-30214 | PFT |
| Castro Jr., Ambrosio | 11-30222 | PFT |
| Celiberti, John | 11-30223 | PFT |
| Chacon, Jose A | 11-30225 | PFT |
| Colon, Jr., Francisco | 11-30241 | PFT |
| Felker, Edwin M | 11-30248 | PFT |
| Findahl, Ferdinand N | 11-30257 | PFT |
| Frederick, Tomas O | 11-30274 | PFT |
| Fuller, Edward | 11-30276 | PFT |
| Gabino, Feliciano | 11-30278 | PFT |
| Gamble Jr., Lonnie | 11-30285 | PFT |

| | | |
|---|---|---|
| Gautney, Delbert | 11-30296 | PFT |
| Correa, Angel | 11-30304 | PFT |
| Cruz, Pablo | 11-30319 | PFT |
| Dauzart, Jr., Curley | 11-30329 | PFT |
| Davis, George N | 11-30334 | PFT |
| Davis, Roger B | 11-30338 | PFT |
| Dennis, Joseph L | 11-30350 | LC |
| Droz, Manuel | 11-30364 | PFT |
| Drumgoole Jr., Bennie | 11-30365 | PFT |
| Goodrum, Harold C | 11-30376 | PFT |
| Gribbin, Lawrence | 11-30387 | PFT |
| Haber, Edward L | 11-30399 | PFT |
| Hagner, James F | 11-30402 | PFT |
| Echandi, Manuel R | 11-30454 | PFT |
| Eden, Anthony G | 11-30456 | PFT |
| Edwards, Charlene | 11-30457 | PFT |
| Estrada, Raul | 11-30466 | PFT |
| Fagan, Robert I | 11-30473 | PFT |
| Ayala Ortiz, Ramon | 11-30584 | PFT |
| Jacques Jr., Joseph H | 11-30637 | PFT |
| Japngie, Charles B | 11-30638 | PFT |
| Jensen, Ben O | 11-30644 | PFT |
| Johnson Jr., Alfred | 11-30649 | PFT |
| Johnson, Leonard S | 11-30658 | PFT |
| Joseph, Solomon M | 11-30668 | PFT |
| Kidd Jr., Torry | 11-30674 | PFT |
| King, Edward A | 11-30678 | PFT |
| Bastian, Guillermo O | 11-31034 | PFT |
| Castro, Perfecto | 11-31055 | PFT |
| Ard, Alvin | 11-31219 | PFT |
| Dishinger, Donald M | 11-31222 | EC |
| Johnson, Patrick C | 11-31268 | PFT |
| Banks Sr., Earl | 11-31279 | PFT |
| Burke, George A | 11-31284 | PFT |
| Amper, Sofronio L | 11-31290 | PFT |
| Chandler, Thomas F | 11-31349 | PFT |
| Cunningham, Matthew J | 11-31472 | PFT |

| | | |
|---|---|---|
| Dampson, Roy T | 11-31473 | PFT |
| Gibson, Gordon A | 11-31507 | PFT |
| Jardine, Thomas A | 11-31544 | PFT |
| Hayes, Elton T | 11-31697 | PFT |
| Balbastro, Ernesto L | 11-31698 | PFT |
| Hambouz, Halim Y | 11-31787 | PFT |
| Haynes, Bobby L | 11-31789 | PFT |
| Flores, Reyes | 11-31800 | PFT |
| Kirby, Jr., Thomas T | 11-31819 | PFT |
| Jenkins, Lester | 11-31843 | PFT |
| Branch, Preston | 11-31953 | PFT |
| Greene, Keith B | 11-31958 | PFT |
| Bonilla, Jose E | 11-31973 | PFT |
| Jackson, George N | 11-31979 | PFT |
| Caldwell, Robert H | 11-31980 | PFT |
| Bouganim, Henry | 11-31982 | PFT |
| Galka, Thomas A | 11-31988 | PFT |
| Davis, Danny H | 11-32012 | PFT |
| Gruber, Thomas W | 11-32018 | PFT |
| Hernandez, Salvador | 11-32055 | PFT |
| Gillain, Lee E | 11-32215 | PFT |
| Hines, Charles M | 11-32216 | PFT |
| Gonzalez, Carlos J | 11-32217 | PFT |
| Boyer, Joseph D | 11-32228 | PFT |
| Hajkowski, Thaddeus | 11-32248 | PFT |
| Fore, Aaron | 11-32423 | PFT |
| Carmona, Santos | 11-32428 | PFT |
| Gullett, Clifton | 11-32471 | PFT |
| Donohue, Michael J | 11-32527 | PFT |
| Garcia, Cristobal | 11-32545 | PFT |
| Clairveaux, Parker V | 11-32550 | PFT |
| Bligh, William G | 11-32603 | PFT |
| Denyko, John | 11-32606 | PFT |
| Frazier, James H | 11-32939 | PFT |
| Kirkland, Jr., Isaac | 11-32949 | PFT |
| Ayler, Eugene | 11-32961 | PFT |
| Garcia, Julio O | 11-33004 | PFT |

7

| | | |
|---|---|---|
| Haselden, Robert G | 11-33006 | PFT |
| De Brosse, Michael | 11-33089 | PFT |
| Badger, Joyce L | 11-33091 | PFT |
| Craggs, George M | 11-33099 | D |
| Daly, Robert V | 11-33164 | PFT |
| Connors, Robert J | 11-33288 | PFT |
| Bem, Joel E | 11-33292 | PFT |
| Healy, Robert F | 11-33421 | PFT |
| Cordes, George H | 11-33644 | PFT |
| Hernandez, Serafin | 11-33692 | PFT |
| Culpepper, John T | 11-33709 | PFT |
| Diaz, Benigno | 11-33777 | PFT |
| Aray, Rene | 11-33793 | PFT |
| Barber, George Paul | 11-33950 | PFT |
| Foster, Walter C | 11-58303 | PFT |